### UNITED STATES DISTRICT COURT

### DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOYCE KING, and ANGELA WHITE | : | CIVIL ACTION NO. |
| Plaintiffs | : | |
| VS. | : | |
| UNITED STATES OF AMERICA | | |
| Defendant | : | DECEMBER 2, 2020 |

### COMPLAINT

### A. PARTIES

1. Plaintiffs, Joyce King and Angela White, citizens of New Haven County, Connecticut.

2. Defendant, The United States of America, may be served by delivering a copy of the Summons and of the Complaint to the United States Attorney for the District of Connecticut and by sending a copy of the Summons and of the Complaint by certified mail to the Attorney General of the United States.

### B. JURISDICTION

3. The Court has jurisdiction over the lawsuit under 28 U.S.C. Section 1346(b) because the suit involves a claim against the United States for personal injury caused by the negligent acts/omissions of a government employee while acting within the scope of his/her employment. This action arises under the Federal Tort Claims Act, 28 U.S.C. Sections 2671 et seq.

## C. VENUE

4.  Venue is proper in this District under 28 U.S.C. Section 1402(b) because Plaintiff

resides in this District.

## D. CONDITION'S PRECEDENT

5.  Plaintiff timely presented this claim in writing to the United States Department of

Veterans Affairs.  This suit is filed within six months after the agency's final written

notice of its denial of the claim.  Specifically, the agency's final written notice was

mailed by the United States Department of Veterans Affairs on June 4, 2020.

## E. FACTS

6.  On October 4, 2019, the Plaintiff, Joyce King, was a passenger in a car owned and

operated by Plaintiff, Angela White, which was stopped at a light in a center lane

at the end of Exit 29 off of Route 9, where it intersects with Cedar Street in

Newington, Connecticut.  While the Plaintiff was seated in the car stopped at the

light, an unidentified employee of the U.S. Department of Veterans Affairs, driving

one of their vehicles, struck the rear of said car, causing Plaintiff, Joyce King, to

sustain severe and permanent personal injuries and other losses, as hereinafter

set forth. Said employee was, at the time of said collision, driving a vehicle owned

by the U.S. Department of Veterans Affairs, and admitted that he was adjusting

the front seat of the vehicle at the time that he struck the Plaintiff, Angela White's vehicle.

## F.  FEDERAL TORT CLAIMS ACT

7. The United States Department of Veterans Affairs, its agents and/or employees, were careless and negligent. Specifically, the United States Department of Veterans Affairs, its agents and/or employees, had a duty to exercise ordinary care while operating the vehicle owned by the US Department of Veterans Affairs, in a reasonably safe manner. The United States Department of Veterans Affairs, its agents and/or employees, and in particular the driver at issue, breached that duty in one or more of the following ways:

   a)  IN THAT he operated his vehicle carelessly and negligently having regard to the width, traffic, use of highway, weather conditions, and other conditions then and there existing;

   b)  IN THAT he operated his vehicle at an unreasonable rate of speed having regard to the width, traffic, use of the highway, weather conditions then and there existing in violation of C.G.S Section 14-218a;

   c)  IN THAT he failed to keep his vehicle under proper control;

   d)  IN THAT he was inattentive;

   e)  IN THAT he failed to stop or otherwise manipulate his vehicle in time and in such a manner as to avoid the collision with the vehicle the Plaintiff was a passenger of;

f)   IN THAT he failed to keep a proper lookout for vehicles on the road, including the vehicle the Plaintiff was a passenger of;

g)   IN THAT he failed to seasonably apply his brakes, when in the exercise of due care, he knew or reasonably should have known that a collision with said vehicle was imminent;

h)   IN THAT he failed to sound his horn, or failed to give a timely warning or signal regarding his approach;

i)   IN THAT he failed to exercise the degree of care which a reasonably careful person would have exercised under like circumstances;

j)   IN THAT he was following too closely in violation of C.G.S Section 14-240a; and

k)   IN THAT he was traveling too fast given the conditions then and there existing, in violation of C.G.S. Section 14-218(a).

Under the Laws of the State of Connecticut, a private person would be liable to Plaintiff for said acts and/or omissions. Under 28 U.S.C. Section 2674, the United States is liable to Plaintiff for the damages resulting from the personal injuries described below.

### G.  DAMAGES

8. As a direct and proximate result of Defendant's negligence, the Plaintiff, Joyce King, sustained the following injuries, consequential losses and expenses, all or some of which may be permanent in nature:

a)  An injury to the cervical spine;

b)  An injury to the lumbar spine;

c)  An injury to the right shoulder;

d)  Pain, suffering and discomfort;

e)  Emotional distress and mental anguish;

f)  Anxiety, fatigue, headaches, nausea, insomnia, apprehension, inconvenience, impaired mobility and general debility;

g)  The Plaintiff has been obligated in the past, and may be obligated in the future, to expend sums of money for medical care, hospital care, nursing care, x-rays, medication and physical therapy;

h)  The Plaintiff has been deprived in the past, and may be deprived in the future, of many of the usual pleasures, activities, and recreations of life;

i)  Said injuries and consequences have adversely affected the Plaintiff in the past, and will continue to do so in the future.

9.  As a direct and proximate result of defendant's negligence, the Plaintiff, Angela White's vehicle was substantially damaged. The estimate to repair said vehicle amounted to $974.51.

<u>H.  PRAYER FOR RELIEF</u>

10. For these reasons, Plaintiff, Joyce King, asks for judgment against Defendant for the following:

a)  Actual damages of $75,000.00;

b)  Costs in this action;

c)  All other relief the Court deems appropriate.

11. For these reasons, Plaintiff, Angela White, asks for judgment against Defendant for the following:

a) Actual damages of $974.51;

b) Costs in this action;

c) All other relief the Court deems appropriate.

Dated at Cheshire, Connecticut this 3rd day of December, 2020.

THE PLAINTIFF,

BY: _Matthew E. Dodd_

Matthew E. Dodd, Her attorney
Federal Bar No.  CT 26593
The Dodd Law Firm, LLC
1781 Highland Avenue, Suite 105
Cheshire, CT 06410
Phone: 203-272-1883
Facsimile: 203-272-2077